UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JONATHAN L. PURNELL,

                Petitioner,                     Case No. 1:21-cv-324

v.                                        Hon. Hala Y. Jarbou

RANDEE REWERTS,

                Respondent.

_____/

## OPINION

        This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999).

        Upon initial review, the Court concluded that the petition should not be dismissed under Rule 4. Accordingly, the Court ordered Respondent to answer the petition. Petitioner has since filed a motion to stay these proceedings to permit him to exhaust his state court remedies with respect to, apparently, other issues. The petition is somewhat cryptic in identifying Petitioner's habeas grounds. When entering the order to answer, the Court proceeded as if the

issues Petitioner intended to raise were limited to those identified in his supporting brief. It appeared that Petitioner exhausted his state court remedies with respect to each of those issues. However, Petitioner's motion to stay indicates that he has raised (or perhaps yet intends to raise) issues for which he has not exhausted his state court remedies. Perhaps the Court was unduly limiting when it restricted its initial review of the petition to those issues or perhaps Petitioner is pursuing issues in the state courts that he has not yet identified for this Court. One, or perhaps both, of those scenarios must be true. The Court need not determine which scenario is accurate to conclude that the petition is properly dismissed without prejudice for failure to exhaust available state-court remedies. The order to answer will be vacated.

## Discussion

### I.      Factual allegations

Petitioner Jonathan L. Purnell is incarcerated with the Michigan Department of Corrections at the Carson City Correctional Facility (DRF) in Carson City, Montcalm County, Michigan. On March 8, 2016, following a two-day jury trial in the Ingham County Circuit Court, Petitioner was convicted of assault with intent to do great bodily harm (AGBH), in violation of Mich. Comp. Laws § 750.84. On October 24, 2018, the court sentenced Petitioner as a third habitual offender, Mich. Comp. Laws § 769.11, to prison terms of 8 years, 4 months to 20 years. This was the sentence imposed after the court of appeals remanded the case to the trial court for a determination whether the AGBH sentence should be consecutive to two concurrent sentences of 5 years, 6 months to 20 years Petitioner was serving for transporting females for the purpose of prostitution.

The Michigan Court of Appeals reports the facts underlying Petitioner's conviction as follows:

> While in the Ingham County Jail awaiting trial on unrelated charges, defendant brutally assaulted another inmate causing him serious injury including the loss of sight in one eye.  Defendant appealed his conviction and his sentence. This Court affirmed his conviction but remanded for the trial court's consideration whether to issue a consecutive or concurrent sentence.  On remand, the trial court reconsidered defendant's sentence and calculated a minimum sentence range of 34 to 100 months under the statutory sentencing guidelines.  The trial court reflected upon the underlying facts of the offense, defendant's criminal history, defendant's conduct while incarcerated, and permitted defendant to speak.  The trial court explained its reasons for defendant's new sentence and ordered defendant to serve 100 months to 240 months imprisonment for his conviction to be served consecutively to sentences imposed by another judge for unrelated convictions.

*People v. Purnell*, No. 346649, at 1–2 (Mich. Ct. App. Nov. 26, 2019).  Petitioner took two full circuits of the Michigan appellate system, raising several issues, some with the assistance of counsel and some by way of *pro per* supplemental briefs.

On April 12, 2021, Petitioner filed his habeas corpus petition.  Petitioner's supporting brief[1] indicates that he intended to raise four grounds for relief, as follows:

I.      Did the Trial Court abuse its discretion by failing to articulate on the record reasons for [the] consecutive sentence imposed.

II.     The Trial Court committed reversible error when it refused to instruct the jury on the lesser included offense of aggravated assault in violation of Mr. Purnell's due process rights.

III.    The people's delay in charging the defendant with [the] offense violated Petitioner's Due Process [rights].

IV.     Defendant was deprived of his right to effective assistance of counsel guaranteed under the Michigan Const. of 1963 and Federal Const. when the trial counsel failed to investigate, call key witnesses and present a defense,

---

[1] The Court could not rely on the petition's statement of the habeas issues because Petitioner did not complete the section of the habeas form that required him to identify "every ground on which [he] claim[ed] that [he was] held in violation of the Constitution . . . ."  (Pet., ECF No. 1, PageID.5–11.)

3

> failed to advise defendant during plea bargaining process and failure to adequately meet and confer with defendant prior to trial to discuss his case.

(Pet'r's Br., ECF No. 2, PageID.35.)  The Michigan Court of Appeals opinion from Petitioner's first appeal indicates he raised each one of these issues.  *People v. Purnell*, No. 333288 (Mich. Ct. App. Aug. 8, 2017.)  His subsequent application for leave to appeal to the Michigan Supreme Court indicates he raised issues II, III, and IV in that court.  (Mich. Appl. for Leave to Appeal, ECF No. 1-1.)  He did not need to raise issue I as he had prevailed on that issue in the Michigan Court of Appeals.  Issues I through IV, however, were not the only issues Petitioner raised on his initial direct appeal.  In the Michigan Supreme Court, Petitioner raised two issues for the first time. (*Id.*, PageID.25, 27.)

The Michigan Supreme Court denied Petitioner's initial application for leave to appeal on April 3, 2018.  The Ingham County Circuit Court then addressed the remand issue regarding Petitioner's consecutive sentence.  The trial court resentenced Petitioner as set forth above.  Petitioner then appealed his new sentence, again challenging the consecutive nature of his sentence.  The Michigan Court of Appeals denied relief in an unpublished opinion issued November 26, 2019. *People v. Purnell*, No. 346649 (Mich. Ct. App. Nov. 26, 2019).  Petitioner sought leave to appeal that decision to the Michigan Supreme Court.  His application was denied by order entered May 26, 2020.

Before the Michigan Supreme Court acted on Petitioner's second application for leave to appeal, Petitioner filed a motion for relief from judgment in the Ingham County Circuit Court.  *See* https://courts.ingham.org/CourtRecordSearch/ (search last name "Purnell," first name

"Jonathon" select Case Number 15-000957-FH, visited May 11, 2021).[2]  That motion apparently remains pending without decision more than a year after it was filed.  Petitioner did not disclose that motion when he filed his petition.  Indeed, he specifically indicated that he had not filed such a motion.  (Pet., ECF No. 1, PageID.3.)  As noted above, it is not clear what grounds Petitioner raised by way of the motion; but it is clear now that Petitioner intends to raise those grounds as part of the instant petition.

## II.     Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts.  28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim.  *Id.* at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275-77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982).  To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court.  *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).  The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts.  *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

---

[2] There are many possible spellings of the name Jonathon.  The Ingham County Circuit Court has used at least two for Petitioner.  The spelling that yields the prosecution Petitioner is presently challenging is apparently incorrect.  Petitioner signs his name Jonathan.  *See, e.g.*. (Pet., ECF No. 1, PageID.14; Mot. to Stay, ECF No. 5.)

Petitioner bears the burden of showing exhaustion.  *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  Petitioner acknowledges that he has not exhausted the issues he intends to raise in his petition that are presently pending in the Ingham County Circuit Court by way of his motion for relief from judgment.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented.  28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the issues he intends to present in this application.  He may file a motion for relief from judgment under Mich. Ct. R. 6.500 *et seq.* Under Michigan law, one such motion may be filed after August 1, 1995.  Mich. Ct. R. 6.502(G)(1).  Petitioner is presently pursuing his one allotted motion.  Therefore, the Court concludes that he has at least one available state remedy.  To properly exhaust his claim, Petitioner must continue the pursuit of his motion for relief from judgment in the Ingham County Circuit Court.  If his motion is denied by the circuit court, Petitioner must appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court.  *O'Sullivan,* 526 U.S. at 845; *Hafley,* 902 F.2d at 483 ("'[P]etitioner cannot be deemed to have exhausted his state court remedies as required by 28 U.S.C. § 2254(b) and (c) as to any issue, unless he has presented that issue both to the Michigan Court of Appeals and to the Michigan Supreme Court.'") (citation omitted).

Because Petitioner has some claims that are exhausted and some that are not, his petition is "mixed."  Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies.  However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often

effectively precludes future federal habeas review.  This is particularly true after the Supreme

Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not

tolled during the pendency of a federal habeas petition.  As a result, the Sixth Circuit adopted a

stay-and-abeyance procedure to be applied to mixed petitions.  *See Palmer v. Carlton*, 276 F.3d

777, 781 (6th Cir. 2002).  In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed

petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss

only the unexhausted claims and stay further proceedings on the remaining portion until the

petitioner has exhausted his claims in the state court.  *Id.*; *see also Rhines v. Weber*, 544 U.S. 269,

277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1

(6th Cir. 2002).  Petitioner's motion to stay asks the Court to grant him the *Palmer* stay-and-

abeyance procedure.

    Petitioner's application is subject to the one-year statute of limitations provided in

28 U.S.C. § 2244(d)(1).  Under that provision, the one-year limitations period runs from "the date

on which the judgment became final by the conclusion of direct review or the expiration of the

time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  Petitioner appealed his conviction to

the Michigan Court of Appeals and the Michigan Supreme Court.  The Michigan Supreme Court

denied his final application on May 26, 2020**.**  Petitioner did not petition for certiorari to the United

States Supreme Court, (Pet., ECF No. 1, PageID.3), though the ninety-day period in which he

could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A).

*See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).  The ninety-day period expired on

August 24, 2020.  Accordingly, absent tolling, Petitioner would have one year, until August 24,

2021**,** in which to file his habeas petition.  Petitioner still has more than three months remaining

before expiration of the limitations period.

The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). The statute is not tolled during the time that a Petitioner petitions for writ of certiorari in the United States Supreme Court. *Id.* at 332. Thus, so long as Petitioner's request for collateral review is pending, the time will not count against him. But before such a motion is filed and then after the Michigan Supreme Court rules on his application for leave to appeal to that court, the statute of limitations would run. The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 781. *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*).

Petitioner has more than sixty days remaining in his limitations period. Indeed, because Petitioner's motion for relief from judgment tolled the running of the statute of limitations before it even started, he has the entire one-year duration of the period of limitation left. Assuming that Petitioner diligently pursues his state-court remedies and promptly returns to this Court after the Michigan Supreme Court issues its decision, he is not in danger of running afoul of the statute of limitations. Therefore, a stay of these proceedings is not warranted and the Court will dismiss the petition for failure to exhaust available state-court remedies. Should Petitioner decide not to pursue his unexhausted claims in the state courts, he may file a new petition raising only exhausted claims at any time before the expiration of the limitations period.

8

### III.     Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.*

I have concluded that Petitioner's application is properly denied for lack of exhaustion.  Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Both showings must be made to warrant the grant of a certificate. *Id.*

I find that reasonable jurists could not find it debatable whether Petitioner's application should be dismissed for lack of exhaustion.  Therefore, a certificate of appealability will be denied.  Moreover, for the same reasons the Court concludes that Petitioner has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, the Court also concludes that any issue Petitioner might raise on appeal would be frivolous.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**<u>Conclusion</u>**

The Court will enter an order and judgment dismissing the petition for failure to exhaust state-court remedies, denying a certificate of appealability, and certifying that an appeal would not be taken in good faith.  The Court will also deny Petitioner's motion to stay (ECF No. 5) and vacate the order to answer (ECF No. 4) entered on April 27, 2021.


Dated:   <u>May 12, 2021</u>              /s/ Hala Y. Jarbou
                                HALA Y. JARBOU
                                UNITED STATES DISTRICT JUDGE